RECEIVED
2020 NOV 10 AM 12: 26
CLERK U.S. DIST. COURT
WEST. DIST. OF MO.
KANSAS CITY, MO.

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| **CITYOF KANSAS CITY, MISSOURI** ) <br> A Municipal Corporation ) <br> *Plaintiff,* ) <br> vs. ) <br> ) <br> ) <br> Tomas Caesar Popson ) <br> ) <br> *Defendant.* ) | Case No. 4: 20-cv-00897-GAF <br><br> State Court Case No. 2016-CR04145 <br><br> Judge: ADAM CAIN |

| | |
|---|---|
| **Tomas Caesar Popson** <br><br> Mailing address: 401 Indiana Avenue <br> Kansas City, Missouri, <br> *Counterclaimant/Plaintiff* <br><br> v <br><br> **CITY OF KANSAS CITY, MO** <br><br> **QUINTON D. LUCAS, et., al**, <br><br> *Defendants/ Respondents.* | ) COUNTERCLAIM FOR DAMAGES, <br> ) WANTON, DELIBERATE AND <br> ) MALICIOUS VIOLATION <br> ) OF COUNTERCLAIMANT'S RIGHTS <br> ) OF LIFE, LIBERTY AND PURSUIT <br> ) OF HAPPINESS, TAKING WITHOUT <br> ) COMPENSATION, ABUSE OF <br> ) PROCESS AND ABUSE DISCRETION <br> ) UNDER COLOR OF LAW, FRAUD <br> ) AND DECEIT: Title 28 U.S.C. §1331 <br> ) Title 42 U.S.C. §1983 <br> ) Title 18 U.S.C. §241, 242 <br> ) RICO act 1970 <br> ) <br> ) Damages exceed 75,000 United States <br> ) Dollars exclusive of interest and cost <br> ) <br> ) **DEMAND TRIAL BY JURY** |

## NOTICE OF REMOVAL
## AND MEMORANDUM IN SUPPORT THEREOF

1

COMES NOW Tomas Caesar Popson,(hereafter the"[ Defendant]") Sui Juris, living man on the land of Missouri, being of majority, one of the People of Missouri, Lawful Naturalize Citizen of the United States of America, resident of Excelsior Springs, Clay County, Missouri proceeding as self-presenting and/ or representing party in above cause notified all parties involved in this instant matter, pursuing to Rule 11 of Federal Rules of Civil Procedure and 28 U.S. Code § 1446 with this Notice of Removal reserving all my unalienable Rights, without waiving any rights, remedy, statutory or procedural. I am non- compliance non-consent, without prejudice and state to the Court as follows:

Tomas Caesar Popson- Defendant, Sui Juris, pursuant to Rule 11 of Federal Rules of Civil Procedure and 28 U.S. Code § 1446 moves this Court to issue an Order to Remove Foregoing matter to United States District Court, Western District of Missouri for Jury Trial for foregoing matter in the case listed above. Moreover, this Notice of Removal is made pursuant to The Constitution of United States Of America, and United States Supreme Court Doctrines: Supremacy Clause Doctrine within Article VI of the U.S. Constitution( known as federal preemption), <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 574 U.S. 81 (2014), relevant constitutional and decisional laws, according to Federal Rules of Civil Procedure, as well as, good cause shown to the Court through concurrent file Memorandum of law and suggestions in support of the [Counterclaimant plaintiff]'s Notice of Removal.

2

Furthermore, Tomas Caesar Popson- Defendant, Sui Juris, Counterclaimant plaintiff, Self-presenting and/ or representing party offers Memorandum of Law and Suggestions in Support of his NOTICE OF REMOVAL. Furthermore, petition this honorable United States District Court Western District of Missouri for claims for declaratory and injunctive relief, award for damages and all other relief, under the circumstances which have occasioned in this Notice of Removal accompanied with Plain Statements of the Grounds of Removal according to law.

## **PLAIN STATEMENTS OF THE GROUNDS OF REMOVAL**

COMES NOW Counterclaimant, Sui Juris, Tomas Caesar Popson states Claims and grounds as follows: Claimant brings this action for damages, declaratory judgment and injunctive relief for personal injury claims under Title 28 U.S.C. § 1331 and under 42 U.S.C. § 1983 against Defendants for trespass on Plaintiff/ Claimant person and property with damages and violations of Plaintiff Tomas Caesar Popson's unalienable rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, as well as other laws of the State of Missouri. Moreover, this is civil action because: Prosecutions for violation of municipal ordinances are regarded as **civil actions**, although it has been said that they have quasi criminal aspects. City of St. Louis v. Pope, Mo.App., 129 S.W.2d 106; City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935. Hence, our courts have consistently held that the sufficiency of the complaint in such

3

cases is to be determined by the same rules that are applicable in other civil actions. Kansas City v. Wiskur, Mo.App., 343 S.W.2d 89; Ex parte Corvey, 220 Mo.App. 602, 287 S.W. 879. More to the point Missouri courts have recognized and adhered to the general rule that the complaint must specifically allege the facts which amount to the offense defined and forbidden by the ordinance. City of St. Louis v. Polar Wave Ice & Fuel Co., 317 Mo. 907, 296 S.W. 993, 54 A.L.R. 1082. The law in Missouri considers violations of municipal ordinances to be **civil matters**, but requires courts to apply the criminal standard of proof beyond a reasonable doubt because of the quasi-criminal aspects involved. *City of Cape Girardeau v. Jones*, 725 S.W.2d 904, 907 (Mo.App., E.D.1987). Initially, we note that the law in Missouri considers violations of municipal ordinances to be **civil matters**, but requires courts to apply the criminal standard of proof beyond a reasonable doubt because of the quasi-criminal aspects involved. *City of Kansas City v. Oxley*, 579 S.W.2d 113, 114 (Mo. banc 1979). Directing attention now to the complaint or information, we recognize and reaffirm the consistently stated rule that a prosecution for violation of a city ordinance is regarded as **a civil action** with quasi-criminal aspects, so far as matters of sufficiency of the complaint are concerned. Kansas City v. Martin, Mo.App., 369 S.W.2d 602, 608; City of St. Louis v. Stubley, Mo.App., 154 S.W.2d 407, 410. Moreover, Counterclaimant Plaintiff state the following grounds of removal as follows:

4

I. Pursuing to Rule 11 of Federal Rules of Civil Procedure and U.S. C. Title 28 U.S. Code § 1446.

II. <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 574 U.S. 81 (2014).

III. Claimant claim personal injury in result of trespass on person and property under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 in excess of 75,000 United States Dollars exclusive of interest and cost.

IV. Counterclaim for damages arising of unlawful deprivation of property without Due process of law under 28 U.S.C. § 1331 in excess of 75,000 United States Dollars exclusive of interest and cost.

V. Claimant claim personal injury in result of unlawful seizure of person and property under 42 U.S.C. § 1983 in excess of 75,000 United States Dollars exclusive of interest and cost.

VI. Counterclaim for damages of vexatious litigation in excess of 75,000 United States Dollars exclusive of interest and cost.

VII. The Court has personal Jurisdiction, because all parties are Missouri residents into the Jurisdiction of Western District of Missouri.

VIII. The Court have subject matter Jurisdiction, because claims under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 are Constitutional.

IX. The law in Missouri considers violations of municipal ordinances to be **civil matters**, but requires courts to apply the criminal standard of proof beyond a reasonable doubt because of the quasi-criminal aspects involved. City of Cape Girardeau v. Jones, 725 S.W.2d 904, 907 (Mo.App., E.D.1987). Initially, we note that the law in Missouri considers violations of municipal ordinances to be **civil matters**, but requires courts to apply the criminal standard of proof beyond a reasonable doubt because of the quasi-criminal aspects involved. City of Kansas City v. Oxley, 579 S.W.2d 113, 114 (Mo. banc 1979). The law in Missouri considers violations of municipal ordinances to be **civil matters**, but requires courts to apply the criminal standard of proof beyond a reasonable doubt because of the quasi-criminal aspects involved. *City of Cape Girardeau v. Jones,* 725 S.W.2d 904, 907 (Mo.App., E.D.1987).

X. Counterclaimant plaintiff stated beyond plausible allegation that the amount in controversy exceeds of 75,000 United States Dollars exclusive of interest and cost.

6

XI. Counterclaimant plaintiff stated that the jurisdictional threshold and satisfied 28 U.S.C. § 1446(a).

## INTRODUCTION

1. Tomas Caesar Popson- Counterclaimant Plaintiff brings this action for personal injury claims, damages, declaratory judgment, and injunctive relief under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 against Defendants for trespass with damages, interfere with counterclaimant plaintiff person, inalienable rights, personal property and recklessly and deliberately violated Counterclaimant plaintiff's inalienable rights and civil rights. Counterclaimant Tomas Caesar Popson counterclaims personal injuries, damages on his inalienable rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, as well as other laws of the Missouri State.

2. Defendant served a response denying allegations in Plaintiff's complaint on August 08, 2020 accompanied with Notice of Claim via US Mail.

3. Counterclaimant Plaintiff Tomas Caesar Popson Sui Juris is filed Notice for Removal of 16th Judicial Circuit Court of Jackson County, Missouri, Division 11, Presiding Judge/ Commissioner ADAM CAINE Case No. 2016-CR04145 to leave to proceed in The United States District Court, Western

7

District of Missouri, Western Division with this action and counterclaim for damages, declaratory judgment, and injunctive relief to remedy Respondents' for trespass on claimant person and property with damages, recklessly and deliberately interfering with claimant's person and property without right and/or consent.

## PARTIES

4. Tomas Caesar Popson (hereinafter "Counterclaimant Plaintiff") is a citizen of the United States of America, and states that at all times relevant to the claims of this Complaint was a resident of Excelsior Springs, Missouri located in Clay County, Missouri in the Western District of Missouri.

5. CITY OF KANSAS CITY, MISSOURI (hereinafter "CITY") is a Municipal Corporation entity in the territory of the State of Missouri, Jackson County, Missouri the United States of America and can be sued after the Notice of Claim is served. CITY bring this action in its Corporate Municipal Court, who is within the Jurisdiction of the Western District of Missouri.

6. Defendant JOSEPH CLAYBROOK, (hereinafter "CLAYBROOK") is a city of Kansas City Corporate Employee with Badge # 80239 employed by City of Kansas City, Missouri, Municipal Corporation. CLAYBROOK operates in Jackson and Clay County, Missouri into the Jurisdiction of Western

8

District of Missouri. Defendant CLAYBROOK is a "person" for purposes of 28 U.S.C. § 1331 and 42 U.S.C. § 1983. At all times relevant, Defendant CLAYBROOK was acting under color of state law. He is sued in his individual and official capacities.

7. Defendant City of Kansas City, Missouri (hereinafter "CITY"), is a municipal corporation in perpetuity under the name of City of Kansas City, charter entity of the State of Missouri with charter status fully and duly liable under the theory of governmental liability to sue and to be sued, is and relevant to the counts of this Complaint a charter on the territory and United States of America with nerve center and operation in Jackson County, Missouri in the Jurisdiction of United States District Court Western District of Missouri.

8. Defendant QUINTON D. LUCAS, (hereinafter "LUCAS"), is a resident and citizen of the State of State of Missouri. At all relevant times Defendant LUCAS was acting in his official capacity as a Mayor of City of Kansas City and member of Board of Kansas City Police Commissioners in the Western District of Missouri. Defendant LUCAS is a "person" for purposes of 28 U.S.C. § 1331 and 42 U.S.C. § 1983. At all times relevant, Defendant LUCAS was acting under color of state law. He is sued in his individual and official capacities.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action Pursuant to 28 U.S.C. § 1331, to hear Plaintiffs claims under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

10. Plaintiff brings this suit pursuant to Title 28 U.S.C. § 1331 and Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the First, Fifth, Eighth, Ninth and Fourteenth Amendments of the federal Constitution, by the defendant CLAYBROOK under color of law in his individual and official capacity as Municipal Corporate Employee Impersonating Police Officer without lawful authority and conduct conspiracy with Police Officer Hall to simulate legal process to deprive Plaintiff of his property under the color of law.

11. This action is brought under 42 U.S.C. § 1983 to remedy the deprivation of Plaintiff's Freedom from wrongful interfere with person and property and substantive due process right, both secured by the Fourth and Fourteenth Amendments to the United States Constitution and redressable pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971) and Terry v. Ohio 88 S.Ct. (1868).

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(h)(l) (2) because. Defendants are located .in Jackson County, Missouri, and the incidents, giving rise to the claims in this suit occurred in Jackson County,

10

Missouri.

13. Venue is proper in the United States District Court Western Division pursuant to Local Rule 3.1 (a)(l)(a).

14. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Additionally, this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

15. That all Defendants CLAYBROOK and Mayor LUCAS are residents of the State of Missouri and reside within the Western District of Missouri. Therefore, venue is proper in the United States District Court Western District of Missouri under 28 U.S.C. § 1391(h)(l) & (2).

## STATEMENT OF FACTS COMMON TO ALL COUNTS

16. That at all times relevant to the claims herein Defendant CLAYBROOK was an employed with CITY OF KANSAS CITY, MISSOURI.

17. On August 05, 2020 Defendant CLAYBROOK trespass on Plaintiff Person and property at 401 Indiana Avenue, Kansas City, Missouri.

18. On August 05, 2020 Defendant CLAYBROOK threated me with physical harm and monetary damages.

19. On August 05, 2020 Defendant CLAYBROOK assaulted me on my own property verbally, mentally and emotionally.

20. On August 05, 2020 Defendant CLAYBROOK endangered my life not following the orders of his superior to maintain distance and wear a mask.

21. On August 05, 2020 I give a notice to Defendant CLAYBROOK, that he will be liable for his action according to my act of state and Fees schedule.

22. On August 05, 2020 Defendant CLAYBROOK respond to me " You watching too much tv"

23. On August 05, 2020 Defendant CLAYBROOK call Kansas City, Missouri Police Department.

24. On August 05, 2020 Defendant CLAYBROOK was received warning from Kansas City Police Officers Nathan Hall Badge # not to trespass on Plaintiff's person and property.

25. On August 05, 2020 Defendant CLAYBROOK left the premises at the same time with the Officers Hall and Female Officer.

26. The actions of Defendants were willful, wanton, reckless, and malicious and were outrageous because of Defendant CLAYBROOK reckless and deliberate trespass with damages and interference with Plaintiff's person and property, thus inalienable rights of life, Liberty and Pursuit of Happiness and evil motive or reckless indifference to coerce Plaintiff into intercourse with him having

12

act over him and his property, and directly infringing upon his rights to be left alone and freedom from vexatious litigation wrongful seizure, and conscious disregard for the rights of Plaintiff Guaranteed by Fort and Fourteenth Amendments to the United States Constitution, and causing severe emotional and mental anguish to Counterclaimant Plaintiff, as more fully set forth in the following Counterclaims:

## CLAIM I- <u>TRESPASS ON PERSON AND PROPERTY WITHOUT RIGHT OR CONSENT</u>

*Against All Defendants for*
*Unlawful trespass and Interfere with person and property*
*In Violation of the U.S. Constitution, Fourth and Fourteenth Amendments*
*42 U.S.C.§ 1983*

27. Plaintiff states and incorporates herein each statement set forth in the foregoing paragraphs 1 to 25 and brings this claim under 42 U.S.C.§ 1983.

28. Defendant CLAYBROOK, acting under the color of law and willful, wanton, reckless, malicious and outrageous because of Defendants evil motive and/ or reckless indifference to, and conspicuous disregard for Plaintiff's inalienable rights guaranteed by United States Constitution / ***Fourteenth Amendment of the United States Constitution*** due process of law clause protects against state laws which deprive of ***life***, liberty, and property to the United States Constitution and that no person shall be deprived of life, liberty or property without due process of law ***Article I, Section 10 of the Missouri Constitution***. The Due Process Clause protects individuals both

13

procedurally and substantively, and bars arbitrary, wrongful government actions. ***Foucha v. Louisiana***, 404 U.S. 71, 112 S.Ct. 1780, 118 L.E.d2d 437 (1992). Freedom from bodily restraint is at the heart of the liberty interest protected against arbitrary government action. ***Youngberg v. Romeo***, 457 U.S. 307, 316, 102 S.Ct. 2452, 2458, 73 L.Ed.2d 28 (1982).

29. Defendant LUCAS failed to have or enforce proper policies and procedures to prevent the use of false information by officers, and then failed to provide remedial training when accusations of ethical violations were made.

30. As a result of Defendants' actions, Counterclaimant Plaintiff Tomas Caesar Popson Counterclaim personal injuries, to wit: emotional and mental distress, pain, fear, and emotional and mental psychological harm: he sustained injuries; he endured a loss of personal freedom; and he suffered from prolonged mental suffering, anguish, and humiliation and he will continue to grieve from such in the future.

31. Counterclaimant Plaintiff Claim damages in excess of 75000 United states dollars- exclusive of interest and cost.

WHEREFORE, Counterclaimant Plaintiff prays this Court:

A. Enter judgment in favor of Plaintiff and against Defendant CLAYBROOK in the amount of 1,000,000 one million

14

dollars per violation and accompanied with 500,000 dollars punitive damages per violation;

B. Enter judgment in favor of Counterclaimant Plaintiff and against Defendant CITY OF KANSAS CITY, MISSOURI for vexatious litigation in the amount of 1,000,000 one million dollars per violation and accompanied with 500,000 dollars punitive damages per violation;

C. Enter the judgment, after the Jury validate the Claimants claims in favor of Claimant in the amount of 1,000,000 one million dollars per violation and accompanied with 500,000 dollars punitive damages per violation;

D. Issue an injunction requiring Defendant CITY OF KANSAS CITY MISSOURI to develop and implement Judicial Reform for CITY EMPLOYEES adequate training programs for its Officers About People's rights under the Fourth and Fourteenth Amendment;

E. Award Plaintiff compensatory damages against Defendant CLAYBROOK for violator of Plaintiffs constitutional rights under color of state law;

F. Issued order to prevent CITY OF KANSAS CITY, A Municipal

Corporation to operate as Racketeering Influenced and corrupt organization; and

G. Award Plaintiff reasonable counsels' fees and costs pursuant to 42 U.S.C.§ 1988 and any other applicable provisions of law; and

H. Allow such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Tomas Caesar Popson Counterclaimant Plaintiff hereby demands a jury to validate all counterclaims. Counterclaimant plaintiff prays for relief upon which his notice of removal to be observe and honored according to law and Jury of his peers to decide all counterclaims and remedy all injury caused by respondents' actions.

Respectively submitted;

_Tomas Caesar Popson_

Tomas Caesar Popson- Defendant, Sui Juris,
Counterclaimant Plaintiff
/ Without Recourse/ All Rights Reserved
mailing address: 401 Indiana Avenue
Kansas City, Missouri [ 64124-9998]
Telephone: (816) 805-4843
Facsimile: (816) 474-7978
E_mail:suijuris2015@gmail.com

## VERIFICATION/CERTIFICATION

I, Tomas Caesar Popson, Propria Persona, Sui Juris, living man, being of majority, one of the people of Missouri, Sui Juris, in my flesh and blood, I hereby certify that the factual statements of foregoing are true and correct under the penalty of perjury of all Laws of Missouri and/or in particular in pursuant to Sec.509.030 RSMo as per liabilities in Briscoe v La Hue, 460 U.S.325 (1983) and Notice of Removal are made in good faith.

.

Date: 11-09-2020   Signature: _Tomas Caesar Popson_

Tomas Caesar Popson – Sui Juris, Counterclaimant Plaintiff

# CERTIIFICATE OF SERVICE

I hereby certify that true and accurate copy of the above foregoing was served by hand via hand delivery/ fax/email/ First Class United States Mail postage prepaid on this 09 day of November 20 20 to:

US District Court Western District of Missouri Clerk at 400 E 9th St., Kansas City, MO 64106 for filing into Court's electronic filing system, CM/ECF system which notified of foregoing filing the following: all CM/ECF Attorney of record in this action:

Court Clerk- SIXTEENTH JUDICIAL CIRCUIT COURT OF MISSOURI, KANSAS CITY, DIVISION 11 64106 at 415 E. 12th St., Kansas City, MO 64106.

WHITE, KENDREA LINETTE – Municipal Prosecuting Attorney at 511 E. 11th St., Kansas City, MO 64106.

Signature; *Tomas Caesar Popson*

Tomas Caesar Popson- Sui Juris, Propria Persona
Without Recourse/ All Rights Reserved
mailing address: 401 Indiana Avenue
Kansas City, Missouri [ 64124-9998]
Telephone: (816) 805-4843
Facsimile: (816) 474-7978
E_mail:suijuris2015@gmail.com